UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DALE FAIRBANKS, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>CANYON COUNTY, a political subdivision of the state of Idaho, STEVE RULE, TOM DALE, and PAM WHITE, in their individual and official capacities as MEMBERS OF THE CANYON COUNTY BOARD OF COMMISSIONERS; KIERAN DONAHUE, in his official capacity as the SHERIFF OF CANYON COUNTY; CODY FRAILEY, and CHRISTOPHER ODENBERG, in their individual and official capacities as Deputy Sheriffs with Canyon County,<br><br>    Defendants. | Case No. 1:17-cv-00339-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court in the above entitled matter is the Defendants' Motion for Partial Dismissal. (Dkt. 11.) The parties have filed responsive briefing and the Motion is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly,

in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motion shall be decided on the record before this Court without oral argument.

### FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts giving rise to this § 1983 action occurred on August 21, 2015 at approximately 4:30 p.m. when two Canyon County Deputy Sheriffs, Cody Frailey and Christopher Odenberg, arrived at the Plaintiff's, Dale Fairbanks, home in Nampa, Idaho. The Deputies were investigating a report of domestic violence made by Mr. Fairbanks' then-girlfriend that had allegedly occurred several weeks prior. (Dkt. 1.)

When the Deputies arrived at the residence, Mr. Fairbanks met them in his yard. The Deputies informed Mr. Fairbanks of the purpose for their visit and the nature of the domestic violence report. Mr. Fairbanks states he was polite, cooperative, and responsive to the Deputies inquiries. (Dkt. 1.) After a period of time, the Deputies stated that detectives at the police station wanted Mr. Fairbanks to come in for further questioning. Mr. Fairbanks then stated "this isn't happening" and returned to the inside of his residence. The parties offer differing accounts of what happened next.

In general, Mr. Fairbanks re-entered his home from the back door, then exited his home from the garage door, moved/repositioned one of his vehicles, and then encountered the Deputies again in his front yard. During that encounter, both Deputies deployed their tasers into Mr. Fairbanks who pulled the taser wires out of his body. The officers also directed Mr. Fairbanks to "get on the ground" to which Mr. Fairbanks responded he was unable to because of his prior knee surgery. When Deputy Frailey grabbed Mr. Fairbank's

left wrist and placed a handcuff on it, Mr. Fairbanks pulled his left arm forward and the two struggled. Deputy Odenberg allegedly struck Mr. Fairbanks with his baton during this time. Ultimately, Mr. Fairbanks was handcuffed and placed in a patrol car.

On December 8, 2015, Mr. Fairbanks plead guilty in state court to two misdemeanor counts of resisting and obstructing officers and was sentenced to 365 days incarceration with 361 days suspended, ordered to pay a fine and costs, $1,338.90 in restitution, and serve two years of unsupervised probation. On November 6, 2017, the state court granted Mr. Fairbanks' Motion for Early Termination of Unsupervised Probation and dismissed the matter pursuant to a grant of the withheld judgment. (Dkt. 24, Att. A.)

On August 16, 2017, Mr. Fairbanks, filed his Complaint in this matter. The first five causes of action raise claims under § 1983 against Deputies Frailey and Odenberg in their individual and official capacities for: 1) Wrongful Seizure without probable cause, 2) False Arrest, 3) Excessive Force as to the use of Tasers and Batons, 4) Excessive Force as to Handcuffing, and 5) Unlawful Search of Residence in violation of the Fourth Amendment. (Dkt. 1.) The sixth and seventh causes of action allege claims against Canyon County and the named Canyon County Commissioners in their individual and official capacities for: 1) Unconstitutional County Policy or Custom and 2) Negligent Failure to Supervise or Train. (Dkt. 1.)

Defendants filed this Motion for Partial Dismissal seeking to dismiss the first and second causes of action against the Deputies and dismissal of the sixth and seventh causes of action against the County Commissioners in both their individual and official capacities. (Dkt. 11.) For the reasons stated below, the Court grants the Motion.

**STANDARD OF LAW**

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a party's claim for relief. When considering such a motion, the Court's inquiry is whether the allegations in a pleading are sufficient under applicable pleading standards. Federal Rule of Civil Procedure 8(a) sets forth minimum pleading rules, requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In general, a motion to dismiss will only be granted if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Although "we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Therefore, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Comm. Learning Cent., Inc.*, 590 F.3d 806, 811-12 (9th Cir. 2010) (citation omitted).

**DISCUSSION**

**1.     First and Second Causes of Action against the Deputies**

Defendants argue that *Heck v. Humphrey*, 512 U.S. 477, 487–488 (1994) bars Plaintiff's first and second § 1983 claims against the Deputies. (Dkt. 11.) In *Heck*, the Supreme Court held that a plaintiff cannot succeed on a § 1983 claim that necessarily implicates the constitutionality of the plaintiff's state conviction or sentence. 512 U.S. at 484–87. In other words, § 1983 cannot be used to indirectly attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.*

In order to prove both his first and second § 1983 claims for wrongful seizure and false arrest, Mr. Fairbanks must show that the Deputies lacked probable cause to seize and/or arrest him. (Dkt. 1 at ¶¶ 92-107.) Mr. Fairbanks has, however, tacitly admitted that the officers had probable cause when he entered his guilty plea to the charges of resisting and obstructing which requires proof of three elements: "(1) the person who was resisted, delayed or obstructed was a law enforcement officer; (2) the defendant knew that the person was an officer; and (3) the defendant also knew at the time of the resistance that the officer was attempting to perform some official act or duty." *State v. Bishop*, 203 P.3d 1203, 1215 (Idaho 2009); *State v. Orr*, 157 P.3d 51, 53 (Idaho Ct. App. 2014); Idaho Code § 18-705.

The Court finds Mr. Fairbanks' first and second § 1983 claims must be dismissed because the lawfulness of his arrest/seizure - specifically that the officers had probable cause to arrest and, therefore, were engaged in the performance of their official duties – has been established by virtue of Mr. Fairbanks' guilty plea to the resisting and obstructing

charges. Mr. Fairbanks therefore cannot now dispute that probable cause existed at the time of the arrest in this case. Success here would necessarily imply that Mr. Fairbanks' state convictions for resisting and obstructing were improperly based on an unconstitutional seizure and/or arrest. That outcome is precluded by the Supreme Court's decision in *Heck v. Humphrey*. *See Heck*, 512 U.S. at 486 n. 6 (A conviction for resisting arrest precludes a later § 1983 claim of an unconstitutional seizure because prevailing on the § 1983 claim requires the claimant negate an element of the offense of which he has been convicted.). Accordingly, Plaintiff's § 1983 claims for wrongful seizure and false arrest are dismissed.

Mr. Fairbanks counters arguing his § 1983 claims are not barred by *Heck* because he has obtained a withheld judgment of his state convictions. (Dkt. 24.) Specifically, that his convictions and sentence have been declared invalid by a state tribunal authorized to make such determination. *Heck*, 512 U.S. at 486-87. Whether *Heck* precludes these claims turns on whether Mr. Fairbanks' § 1983 action, if successful, will "'demonstrate the invalidity of any outstanding criminal judgment.'" *Beets v. Cnty. of Los Angeles*, 669 F.3d 1038, 1043 (9th Cir. 2012) (quoting *Heck*, 512 U.S. at 486–87).

Here, Mr. Fairbanks plead guilty to two misdemeanor counts of resisting and obstructing, was placed on two years of unsupervised probation, and ordered to pay costs and restitution. (Dkt. 24, Att. A.) Just shy of two years later, the state court granted Mr. Fairbanks' motion for early termination of his probation and dismissal stating, in relevant part:

> THEREFORE, based upon Defendant's performance and compliance with all conditions imposed by the Court and his Probation Officer, there would appear to be no further need for the continuation of this matter, and justice

> would be served by terminating Defendant's unsupervised probation early, and fully and fairly dismissing this matter pursuant to the grant of the withheld judgment.

(Dkt. 24, Att. A.) Withheld judgments in Idaho are governed by Idaho Code § 19-2604. A withheld judgment pursuant to Idaho Code § 19-2604 is not a conviction. *State v. Client*, 534 P.2d 476 (Idaho 1975). Where a judgment has been vacated under that statute, "it is a nullity, and the effect is as if it had never been rendered at all." *Manners v. Bd. of Veterinary Med.*, 694 P.2d 1298, 1300 (Idaho 1985) (citation omitted). The purpose of a withheld judgment is to promote rehabilitation and prevent recidivism by providing an incentive for defendants to avoid a record of conviction if they successfully complete the conditions imposed by the court. *State v. Reed*, 243 P.3d 1089, 1091 (Idaho 2010); *State v. Perkins*, 13 P.3d 344, 347–48 (Idaho App. 2000).

Final dismissal under Idaho Code § 19–2604(1), however, is not akin to setting aside a conviction or dismissing a charge based on a procedural error in the criminal proceedings, nor is it a determination that the defendant is factually innocent. *Perkins*, 13 P.3d at 347–48. Moreover, the state court's dismissal of Mr. Fairbanks' misdemeanor matter is not an expungement; i.e. removal of a conviction from a person's criminal record. *See State v. Parkinson*, 172 P.3d 1100, 1103 (Idaho 2007) (holding that Idaho Code § 19–2604 does not require or authorize the complete expungement of all records and references to a charge) abrogated on other grounds by *Verska v. St. Alphonsus Reg. Med. Ctr.*, 265 P.3d 502 (Idaho 2011). Instead, dismissal of a criminal charge under Idaho Code § 19–2604(1) is an act of leniency by the court, "notwithstanding the defendant's actual guilt of the charged offense." *Perkins*, 13 P.3d at 347. Idaho Code § 19-2604 allows the court to

dismiss a case against a defendant and restore the defendant's civil rights. It does not allow the defendant to "escape from every possible consequence of the adjudication of guilt." *Id.* at 348. In fact, for some types of offenses the Idaho Legislature has prescribed that a withheld judgment is treated as a prior conviction. *See State v. Robinson*, 142 P.3d 729, 731 (Idaho 2006) (sex offender registration requirements); *State v. Reed*, 243 P.3d 1089 (Idaho 2010) (DUI enhancement provision for prior offenses).

Mr. Fairbanks' withheld judgment does not equate to his state charges having been reversed, expunged, or declared invalid which is necessary for Mr. Fairbanks to avoid preclusion under *Heck*. The state court's order granting early termination of his sentence and dismissal of the state matter afforded Mr. Fairbanks the leniency provided for under Idaho Code § 19-2604 and restoration of his civil rights. It does not, however, entirely erase the charges or his guilty plea. Therefore, Mr. Fairbanks' first and second § 1983 claims are barred by *Heck* and dismissed with prejudice.

**2.    Causes of Action against the Individual County Commissioners**

Defendants also seek to dismiss the sixth and seventh § 1983 claims against the County Commissioners, Steve Rule, Tom Dale, and Pam White. (Dkt. 11.) Specifically, Defendants argue these claims should be dismissed because the Complaint fails to allege that any of the named Commissioners individually took any action or participated in the alleged denial of Mr. Fairbanks' rights. Plaintiff responds arguing it would be premature to dismiss the claims against the Commissioners until the identity of the final policymaker is identified or the County concedes Eleventh Amendment immunity. (Dkt. 24.)

"To state a claim under § 1983 against state officials in their individual capacities, a plaintiff must plead that the officials, 'acting under color of state law, caused the deprivation of a federal right.'" *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1061 (9th Cir. 2012) (citations omitted). That is to say, an individual capacity suit under § 1983 requires that the plaintiff allege personal participation in the constitutional violation on the part of the individual to subject that person to individual liability. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

In this case, the sixth cause of action alleges the Deputies actions that allegedly violated Mr. Fairbanks' constitutional rights were done pursuant to an official policy or custom of Canyon County. (Dkt. 1 at ¶¶ 136-149.) The seventh cause of action alleges Canyon County negligently failed to supervise or train the Deputies resulting in their actions against Mr. Fairbanks which he alleges violated his constitutional rights. (Dkt 1 at ¶¶ 150-155.) There are no allegations in the Complaint that any of the County Commissioners personally participated or took any action that could potentially subject them to individual liability for the alleged constitutional violations claimed in the sixth or seventh causes of action. (Dkt. 1.) Therefore, the Court finds the sixth and seventh causes of action fail to state plausible claims as to the County Commissioners in their individual capacities. The Motion to Dismiss is granted in this regard.

The claims against the Commissioners in their official capacities are claims against the entity that employed them—in this case, Canyon County. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity…should be treated as suits against the State."); *Chew v. Gates*, 27 F.3d 1432, 1446 n. 15 (9th Cir. 1994) ("Official

capacity suits generally represent only another way of pleading an action against the entity of which the officer is an agent."). Such claims are municipal liability suits which require the plaintiff to show that the municipality and its agent caused the constitutional violation through a policy or custom. *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Plaintiff's argument here concerning the final policymaker is only relevant as one way to establish a municipal liability claim. *See Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097 (9th Cir. 2013); *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986) ("Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered."). The claims against the Commissioners in their official capacity, whether as policymakers or otherwise, are claims against Canyon County. Likewise, any potential Eleventh Amendment immunity does not preclude dismissal of the Commissioners in their official capacities because such claims are treated as a suit against the County itself. *Hafer*, 502 U.S. at 25. Accordingly, the Court also dismisses with prejudice the claims against the County Commissioners in their official capacities. *See Hyun Ju Park v. City and Cnty. of Honolulu*, 292 F.Supp.3d 1080, 1090 (D. Hawai'i 2018).

Based on the foregoing, the sixth and seventh causes of action are dismissed as to the County Commissioners, Steve Rule, Tom Dale, and Pam White, in their individual and official capacities. The claims against Canyon County are not at issue on this Motion.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Motion for Partial Dismissal (Dkt. 11) is **GRANTED** as follows:

1) The First and Second Claims are **DISMISSED WITH PREJUDICE** as to the Defendants Cody Frailey and Christopher Odenberg.

2) The Sixth and Seventh Claims are **DISMISSED**, as stated herein, as to Defendants Steve Rule, Tom Dale, and Pam White in their individual and official capacities.

DATED: July 10, 2018

_____
Honorable Edward J. Lodge
U.S. District Judge